IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

Citibank, N.A.,

          Plaintiff,

     v.

Charles S. Triplett,

          Defendant.

Civil Action No. 1:13cv 1087-AJT-JFA

## DECLARATION OF GEORGE CATALLO

I, George Catallo, state and depose the following in support of Plaintiff Citibank, N.A.'s ("Citibank" or "Plaintiff") Motion for Default Judgment ("Motion"):

1.    I am over 18 years of age. I have personal knowledge of the matters set forth in this Declaration and, if called as a witness, could testify competently thereto.

**A.    Exhibits**

2.    Attached as Exhibit A to my declaration is a true and correct copy of the Term Note ("Note") governing the terms of the loan that Citibank provided to Defendant Charles S. Triplett ("Triplett" or "Defendant").

3.    Attached as Exhibit B to my declaration is a true and correct copy of the June 20, 2013 letter that Citibank sent to Triplett informing him of its decision to accelerate the terms of the Note.

5.    Attached as Exhibit C to this declaration are true and accurate statements setting forth the reasonable and necessary legal fees Citibank has found it necessary to incur in enforcing the terms of the Note against Triplett through November 30, 2013. Citibank will supplement this submission with additional fees and costs incurred between November 30, 2013,

and the return date of the Motion.

**B.   Other Matters**

6.     As a Director at Citibank, I am authorized to view Citibank's official banking records, including those relating to Triplett.  Triplett maintains several accounts with Citibank, which therefore has his most current address on file.

7.     I have reviewed Citibank's records which indicate that Triplett's current address is 1350 Beverly Road, Apt. 424, McLean, Virginia 22101.  Triplett's current business address is Mayer Brown LLP, 1909 K Street, N.W., Washington, DC 20006.

8.     On March 1, 2013, Triplett failed to make his monthly principal and interest payment on the loan as required by the Note.  He has not made any scheduled payments on the loan since that date.

9.     On December 31, 2013, Citibank calculated the outstanding balance on his loan, including the then outstanding amount of interest due under the terms of the Note, to be $341,423.63, including $318,547.20 of outstanding principal and an additional $22,876.43 in accrued and unpaid interest.  I have reviewed these calculations and believe them to be accurate.

10.     In addition, Citibank calculated the *per diem* interest due on Triplett's loan, beginning January 1, 2014, and for each day thereafter until the debt is paid, to be $76.36.  I have reviewed this calculation and believe it to be accurate.

11.     Citibank found it necessary to engage attorneys to represent it in collecting the amounts due under the Note.  Citibank is likely to incur additional fees until Triplett pays the amounts due under the Note.  As noted above, Exhibit C to this declaration includes a true and accurate statement of the costs for legal services incurred by Citibank in this matter as of November 30, 2013.

I declare under penalty of perjury that the foregoing is true and correct.

December 31, 2013

_____
George Catallo
Director
Citibank, N.A.

**EXHIBIT A**

# EXHIBIT A

# Term Note

Variable Rate (Individuals/Lawyers)

### CITIBANK, N.A.

| $550,000.00 | Washington, DC | May 21, 2010 |
|---|---|---|
| (Amount) | (City and State) | (Date) |

(In this Note the words "I", "me", "my" and "mine" mean each and all who sign it.  The words "you" and "your" mean Citibank, N.A., or any other owner of this Note.)

| | | |
|---|---|---|
| 1. | Promise To Pay | I promise to pay to your order at your office or branch located at 1101 Pennsylvania, NW, 9th Floor, Washington, DC, the principal sum of Five Hundred Fifty Thousand dollars ($550,000.00), in accordance with the schedule set forth below in the paragraph headed Repayment Schedule. I also agree to pay simple interest on the outstanding principal balance of this Note at the applicable fluctuating rate per annum set forth below in the paragraph headed Rate of Interest, from the date of this Note to, but excluding, the business day when this Note is paid in full.  The words "business day" mean any day (other than a Saturday or Sunday) on which the Office is open to the public for carrying on substantially all business functions. |
| 2. | Repayment Schedule | I promise to repay this loan in Fifty-Nine (59) consecutive Monthly installments of Six Thousand Five Hundred Fifty dollars ($6,550.00) on the First day of each Calendar Month, commencing July 1, 2010, and a final installment of One Hundred Sixty-Three Thousand Five Hundred Fifty dollars ($163,550.00), which shall be due on June 1, 2015. |
| 3. | Rate of Interest | Simple interest on the outstanding principal balance of this Note is payable at the rate of 1.50% per annum above your Base Rate (the rate of interest announced publicly by you in New York, NY, from time to time as your base rate), until this Note is paid in full.  This rate shall vary from time to time based upon corresponding increases and/or decreases in your Base Rate.  Your Base Rate may be adjusted at your discretion as frequently as daily.  The amount of each adjustment in your Base Rate will result in a corresponding increase or decrease in the simple interest rate on this Note.  Notwithstanding the foregoing, any principal balance of this Note which is not paid when due (whether at the applicable payment date as stated above in the paragraph headed Repayment Schedule, by acceleration or otherwise) shall bear interest from the date on which such amount was due to, but excluding, the business day when such amount is paid in full, at a rate per annum equal to 4% per annum above the rate of interest described in the first sentence of this paragraph.  Nothing in this paragraph shall obligate me to pay, or allow you to receive, interest in excess of the maximum rate permitted by applicable law. |
| 4. | Set-up Fee | Upon signing this Note I shall pay you a set-up fee in the amount of $750 |
| 5. | Interest Payment | Interest on the unpaid principal balance of this Note is payable Monthly beginning on July 1, 2010 |
| 6. | Prepayment | I may prepay this loan in full at any time without penalty. |
| 7. | Use of Proceeds | The proceeds of the advances shall be used by me for any lawful purpose. |
| 8. | Financial Statements, Etc. | I agree to furnish you with my financial statement as well as the financial statement for any and all guarantors of this Note upon your request, each in form acceptable to you.  I understand that you may decide in your discretion not to request any or all of such financial statements, but the absence of such a request does not limit your right to request any or all of such financial statements at any time and from time to time.  I also agree to furnish you with such other financial information (including, without limitation, income verification) concerning me or any guarantor as you may reasonably request, as well as notice of any adverse change in my financial condition or the financial condition of any guarantor. |
| 9. | Collateral and Right of Setoff | To protect you if I default on this Note or any other debt or obligation I owe you while this Note is unpaid (all amounts due pursuant to this Note and all amounts due pursuant to such other debt or obligation, whether existing now or to arise in the future, and owed directly or in the form of a guaranty or in some other way, will be referred to under this Note as my "Obligations"), I give you a security interest in the property I am delivering to you to secure this Note together with all proceeds of such property.  If the collateral described in the preceding sentence includes any right to receive other property, I will also deliver to you as part of such collateral, and in form for transfer, such other property when received or issued, such as stock dividends.  Further, I understand you have the right, without prior notice to me, to apply the amounts in certain of my deposit accounts with you, if any, to whatever I owe you under this Note. |
| 10. | Insufficient Collateral | If at any time the value of your collateral has decreased or for legal or any other reasons the collateral is no longer satisfactory to you, I agree at your request either to deliver other collateral acceptable to you or to reduce the amount I owe you. |
| 11. | Reasonable Care of Collateral | You will take reasonable care of my property which you hold as collateral.  I agree that reasonable care is the care you give similar property which you may own, and includes any action you may take at my request in dealing with my property.  If you should fail to take any action I request or which would be necessary to preserve my rights in the property, this failure will not be considered a failure to take reasonable care. |
| 12. | Financing Statements, Etc. | I will sign upon request any financing statements, instruments, documents or other papers as you may request in order to protect your collateral.  I authorize you to file at my expense any financing statements to perfect the security interests granted by this Note, if any, without my signature on such financing statements and grant you a power of attorney to take any action, or sign, file and deliver any document (including, without limitation, financing statements and amendments to such financing statements) which you deem necessary to protect your security interests. |

Amount: 550000
Date: May 21, 2010
dc-term

Page 1 of 4

Borrower(s): Charles Scott Triplett/xxxxx
Guarantor(s): N/A/N/A

| 13. | Default | I will be in default under this Note if any of the following should happen:<br>a.   I fail to pay any amounts due under this Note or any other of my Obligations to you when due;<br>b.   I fail to observe any other term or condition of this Note;<br>c.   I shall cease to be affiliated with the firm or company with which I am currently affiliated with respect to my employment;<br>d.   I die, become incapacitated or incompetent, or my income is substantially reduced;<br>e.   Any guarantor of this Note dies, becomes incapacitated or incompetent, or ceases to be affiliated with the firm or company with which he/she is currently affiliated with respect to his/her employment;<br>f.   Any information, whether oral or written, provided by me or any guarantor in connection with this transaction is false or misleading in any way;<br>g.   I or any guarantor becomes insolvent or any proceeding in bankruptcy or insolvency is started by or against me or any guarantor;<br>h.   I or any guarantor takes advantage of any insolvency law;<br>i.   A receiver or conservator of any property of mine or any guarantor is appointed;<br>j.   The general nonpayment by me or any guarantor of our respective debts as they become due;<br>k.   The admission by me or any guarantor of our respective inability to generally pay our debts;<br>l.   I or any guarantor makes an assignment for the benefit of creditors;<br>m.  Any property of mine or any guarantor in your possession is attached or if I, any guarantor or any such property becomes subject to court order or other legal process; or<br>n.   A material adverse change shall occur in my financial condition or the financial condition of any guarantor. |
| 14. | Consequences of Default | If I am in default, this Note will, upon notice to me by you, become and be immediately due and payable. Notwithstanding the preceding sentence, if I am in default of part g, h, i or l of the paragraph above headed Default, this Note will become and be immediately due and payable without your having to give me any notice. |
| 15. | Remedies Notice | If I am in default, you will have all rights and remedies available to you under law, including the District of Columbia Uniform Commercial Code.  If advance notice to me is ever required, notice given to me 5 business days before you dispose of any of my collateral will be reasonable advance notice.  This notice must be in writing and will be effective when mailed or hand delivered to me at the address I have given you on this Note. |
| 16. | Sale of Collateral | If you decide to sell any of my collateral, you may sell it on any terms you choose.  You will not be required to advertise, and you will not be liable for any risk of selling on credit. |
| 17. | Proceeds of Sale | After selling any of my collateral, you may use what you receive from the sale to first repay your expenses in taking and keeping the collateral, preparing it for sale and selling it (for example, storage charges, commissions and your reasonable attorneys' fees and their disbursements). |
| 18. | Waiver; Delay in Enforcement | I specifically waive any legal requirements of presentment for payment, demand, protest, notice of dishonor and notice of protest of this Note.  You can delay enforcing any of your rights without losing them. |
| 19. | Applicable Law | I agree that this Note shall be governed by the laws of the United States, and to the extent not preempted, the laws of the District of Columbia. |
| 20. | Collection and Enforcement Costs | I agree to pay, on demand, all costs and expenses, if any, in connection with the collection or enforcement of the Obligations (whether through negotiation, mediation, suit at trial or appellate level or post-judgement, or otherwise), including without limitation reasonable attorneys' fees and their disbursements, court costs and your disbursements in connection with the enforcement of your rights under this Note. |
| 21 | Changes | The terms of this Note may not be changed unless the change is authorized by you in writing. |
| 22 | Heirs, Executors, Etc. | My obligations under this Note will also be binding upon my heirs, executors and administrators. |
| 23 | More Than One Signer | If there is more than one signer of this Note, each signer is fully and personally responsible for complying with all its terms and conditions, including the promise to pay the full amount owed under this Note.  You may enforce your rights under this Note against each signer separately or against all signers together.  This means that any one signer individually may be required to pay all amounts owed under this Note, including an advance made at the request of and to any one of them.  A release of any signer from the obligations of this Note will in no way release any other signer from his or her obligations. |
| 24 | Use of Nominee | You are authorized, at your option and without any obligation to do so, to transfer or register in your name or the name of your nominee(s), your agent(s) or your agent(s)' nominee(s), including any "clearing corporation" or "custodian bank", as defined in the District of Columbia Uniform Commercial Code, and any nominees thereof, all or any part of the collateral referred to above and to do so before or after the maturity of any of my Obligations to you, and with or without notice to me. |
| 25 | Transfer of Note and Discharge of Liability | You may transfer this Note and deliver to one or more third parties all or any of the property then held by you as collateral under this Note, and the transferee(s) shall thereupon become vested with all the powers and rights given to you with respect to this Note; and you shall thereafter be forever relieved and fully discharged from any liability or responsibility in the matter, but you shall retain all rights and powers given in this Note with respect to property not so transferred. |

| 26. | Pledge to the Federal Reserve | You may at any time pledge or assign a security interest in all or any portion of your rights under this Note to secure your obligations, including any pledge or assignment to secure obligations to a Federal Reserve Bank; provided that no such pledge or assignment shall release you from any of your obligations under this Note or substitute any such pledgee or assignee for you as a party to this Note. |
| 27 | Submission to Jurisdiction | Without limiting your right to bring any action or proceeding against me or against my property arising out of or relating to any obligation under this Note (an "Action") in the courts of other jurisdiction(s), I irrevocably submit to the jurisdiction of any District of Columbia state or federal court sitting in Washington, and I irrevocably agree that any Action may be heard and determined in such District of Columbia court or federal court. I irrevocably waive to the fullest extent that I may effectively do so, the defense of an inconvenient forum to the maintenance of any Action in any jurisdiction. I irrevocably agree that the summons and complaint or any other process in any Action in any jurisdiction may be served by mailing to the address I have given you on this Note or by hand delivery to a person of suitable age and discretion at that address. Such service will be complete on the date such process is so mailed or delivered. I may also be served in any other manner permitted by law. |
| 28. | Trial By Jury Waiver | Both you and I irrevocably waive all right to trial by jury in any Action or counterclaim arising out of or relating to any Obligation or this Note. |

Name of Borrower: **Charles Scott Triplett**                    Name of Borrower: **xxxxx**

Signature of                                                    Signature of
Borrower: *Charles S Triplett*                                  Borrower: _____

Address: **928 Dominion Reserve Drive**                         Address: **928 Dominion Reserve Drive**
      **McLean, VA 22102**                  **McLean, VA 22102**

Amount: 550000
Date  May 21, 2010
dc-term

Page 3 of 4

Borrower(s): Charles Scott Triplett/xxxxx
Guarantor(s): N/A/N/A

# Guaranty

(In this Guaranty the words "I", "me" and "my" mean each and all who sign it. The words "you" and "your" mean Citibank, N.A. or any other owner of this Note.)

| | | |
|---|---|---|
| 1. | Obligations Guaranteed | By signing this Guaranty, I guarantee to you that all of the obligations of the Borrower(s) under this Note will be paid when due, no matter what may happen. This Guaranty covers every kind of obligation of the Borrower(s) under this Note, including interest and any expense to you in collecting your debt from the Borrower(s) under this Note. In this Guaranty, all the obligations of the Borrower(s) under this Note of whatever kind are together called the "Obligations." |
| 2. | Expenses of Enforcement | I agree to pay, on demand, all costs and expenses, if any, you may have in collecting money from me or in enforcing my obligations under this Guaranty, including without limitation your reasonable attorneys' fees and their disbursements, court costs and your disbursements in connection with the enforcement of your rights under this Guaranty. These amounts are in addition to the Obligations. |
| 3. | Continuing Guaranty, Etc. | This is a continuing guaranty and remains in full force and effect until the final payment in full of all Obligations following the maturity of this Note. I agree that this Guaranty shall continue to be effective or be reinstated, as the case may be, if at any time payment, or any part of any payment, of any Obligation is rescinded or must otherwise be restored or returned by you upon the insolvency or bankruptcy of the Borrower(s), or for whatever other reason, all as if such payment had not been made. I irrevocably waive any rights I may have against the Borrower(s) by reason of subrogation or otherwise resulting from payments made by me of any of the Obligations. |
| 4. | Events Not Affecting the Guaranty | I agree that my liability under this Guaranty shall not be limited or canceled because:<br>a) Any Obligation cannot be enforced against the Borrower(s) or any of them;<br>b) You agree to changes in the terms of any Obligation, such as extending the time for repayment;<br>c) Any collateral for the Obligations is exchanged or released, or not established or perfected;<br>d) Any guarantor is released of such guarantor's liability in respect of any of the Obligations;<br>e) A law, regulation or order of any public authority affects your rights in respect of any of the Obligations; or<br>f) Anything else happens which may affect your rights against the Borrower(s) or any of them or might release any guarantor. |
| 5. | No Notice | You do not have to give me or the Borrower(s) any notice that any Obligation has not been paid when due. |
| 6. | Other Sources of Payment | You may require me to pay any Obligation without first seeking payment from or making any attempt to enforce its payment by the Borrower(s) or any other guarantor, or first trying to make use of any collateral. |
| 7. | Delay in Enforcement | You can delay enforcing any of your rights under the Obligations or this Guaranty without losing any of your rights to demand payment from me. |
| 8. | More Than One Signer | If there is more than one signer of this Guaranty, each signer is fully and personally liable under this Guaranty. You may enforce your rights under this Guaranty against each signer separately or against all signers together. This means that any one signer individually may be required to pay all amounts payable under this Guaranty. |
| 9. | Heirs, Executors, Etc. | The terms of this Guaranty may not be changed unless the change is authorized by you in writing. My obligations under this Guaranty will also be binding upon my heirs, executors and administrators. |
| 10. | Applicable Law | I agree that this Guaranty shall be governed by the laws of the District of Columbia. |
| 11. | Submission to Jurisdiction | Without limiting your right to bring any action or proceeding against me or against my property arising out of or relating to any obligation under this Guaranty (an "Action") in the courts of other jurisdiction(s), I irrevocably submit to the jurisdiction of any District of Columbia State or federal court sitting in Washington, and I irrevocably agree that any Action may be heard and determined in such District of Columbia State court or in such federal court. I irrevocably waive to the fullest extent that I may effectively do so, the defense of an inconvenient forum to the maintenance of any Action in any jurisdiction. I irrevocably agree that the summons and complaint or any other process in any Action in any jurisdiction may be served by mailing to any of the addresses set forth below or by hand delivery to a person of suitable age and discretion at any of the addresses set forth below. Such service will be complete on the date such process is so mailed and delivered. I may also be served in any other manner permitted by law. |
| 12. | WAIVER OF JURY TRIAL | **BOTH YOU AND I IRREVOCABLY WAIVE ALL RIGHT TO TRIAL BY JURY IN ANY ACTION OR COUNTERCLAIM ARISING OUT OF OR RELATING TO ANY OBLIGATION OR THIS GUARANTY.** |

Date: _____                              Date: _____

Name of Guarantor: N/A                                       Name of Guarantor: N/A

Signature of Guarantor: _____                     Signature of Guarantor: _____

Address:                                                     Address:

**EXHIBIT B**

# **EXHIBIT B**

153 East 53rd
New York, NY 10022

Private Bank



June 20, 2013

Mr. Charles Triplett
928 Dominion Reserve Drive
McLean, VA   22102

RE: NOTICE OF DEMAND LOAN # 200IVLA101470002

Dear Mr. Triplett:

Reference is made to the Note (Loan) dated **May 21, 2010** (the "Note") between **Charles Triplett** (as "Borrower") and Citibank N.A. ("Citibank").   Defined terms used herein and not otherwise defined herein shall have the meanings set forth in the Note (Agreement).

**YOU ARE IN DEFAULT** under the Note and the Agreement due to your failure to pay the principal and interest due.  As of the date hereof, your debt to Citibank includes (i) **$360,050.00** unpaid principal and (ii) accrued interest of **$6,512.96** .  Interest accrues on the outstanding principal balance at a rate of **$46.86** daily. Your Private Banker is Katherine Stith and can be reached at 202-220-3648.

*In accordance with the terms and conditions of the Agreement and the Note, Citibank hereby accelerates all amounts due and payable to it under the Agreement and the Note and demands the immediate payment in full of all outstanding principal and interest. You are advised that interest on the outstanding principal balance of your debt with Citibank hereafter accrues at the default rate of interest as provided for in the Note.*

This letter does not constitute an amendment, waiver or modification of any of the documents entered into between Citibank and yourself in connection with the Note.  Notwithstanding anything contained herein, Citibank may exercise any rights it has under the documentation evidencing the Note, and Citibank does not hereby agree to waive any default or to forbear from the exercise of any such rights.  Finally, this is written without prejudice to any and all rights of Citibank.

CITIBANK, N.A.

By: _____
        Teresa Wall
        Assistant Vice President
        Citi Private Bank

cc:  Katherine Stith

**EXHIBIT C**

# **EXHIBIT C**

# Ballard Spahr
LLP

1909 K Street, NW
12th Floor
Washington, DC 20006-1157
Tel 202.661.2200
Fax 202.661.2299
www.ballardspahr.com

TAX IDENTIFICATION NO. 23-0382195

Invoice Date: August 30, 2013
Invoice No.: 2013086090

Citigroup, Inc.
153 East 53rd Street
23rd Floor
New York, NY  10022

Client:   Citibank N.A.  (016418.24)
Matter:   Triplett, Charles S.  (00156643)

FOR PROFESSIONAL SERVICES RENDERED through July 31, 2013

## INVOICE SUMMARY

|  | FEES | DISBURSEMENTS | TOTAL |
|---|---|---|---|
| Total Current Charges | $750.00 | $0.00 | $750.00 |
| Less:   5.0% Discount | ($37.50) |  | ($37.50) |
| Total Current Charges | $712.50 | $0.00 | $712.50 |
| **TOTAL AMOUNT DUE** |  |  | $712.50 |

**PROFESSIONAL SERVICES**

| Name | Date | Description | Hours |
|------|------|-------------|-------|
| Tobin,D.J. | 07/02/13 | Draft demand letter to Triplett, circulate to client for review | 0.30 |
| Tobin,D.J. | 07/03/13 | Draft demand letter to Triplett after communications from client with parameters | 0.40 |
| Tobin,D.J. | 07/08/13 | Emails with client re: matter status and communications through counsel | 0.10 |
| Tobin,D.J. | 07/08/13 | Review multiple documents provided by client pertaining to Triplett | 0.20 |
| Tobin,D.J. | 07/12/13 | Follow-up communications with Triplett re: payment status, follow-up email to client re: matter status | 0.30 |
| Tobin,D.J. | 07/16/13 | Telephone conference with Triplett | 0.10 |
| Tobin,D.J. | 07/16/13 | Email communications with client re: comments by Triplett | 0.10 |

|  |  | **Total Fees** | **1.50** | **$750.00** |
|--|--|----------------|----------|-------------|

Less:   5.0% Discount                                                                                                                  ($37.50)

**PROFESSIONAL SERVICES SUMMARY**

| Name | Rate | Hours | Amount |
|------|------|-------|--------|
| Tobin,D.J. | 500.00 | 1.50 | 750.00 |
| **Total Fees** |  | **1.50** | **$750.00** |

**Total Current Charges:**                                                                                    **$712.50**

# Ballard Spahr
LLP

1909 K Street, NW
12th Floor
Washington, DC 20006-1157
Tel 202.661.2200
Fax 202.661.2299
www.ballardspahr.com

TAX IDENTIFICATION NO. 23-0382195

## REMITTANCE ADVICE

Client:          016418.24        Citibank N.A.
Matter:          00156643         Triplett, Charles S.
Invoice No.:     2013086090
Date:            August 30, 2013

| | |
|---|---|
| Fee Amount | $750.00 |
| Less:   5.0% Discount | ($37.50) |
| Total Fees | $712.50 |
| **TOTAL AMOUNT DUE** | $712.50 |

Please return this page with your remittance to the above address.
Payment may also be made by wire transfer to our account.

| | |
|---|---|
| **Bank:** | **PNC Bank, NA** |
| **ABA No.:** | **031 0000 53** |
| **Account No.:** | **85-3131-7345** |

Please indicate on wire transfer the invoice number stated above.

016418.24 - 00156643                          2013086090
Daniel J. Tobin                     3         August 30, 2013

# Ballard Spahr
LLP

1909 K Street, NW
12th Floor
Washington, DC 20006-1157
Tel 202.661.2200
Fax 202.661.2299
www.ballardspahr.com

TAX IDENTIFICATION NO. 23-0982195

Invoice Date: September 24, 2013
Invoice No.: 2013093924

Citigroup, Inc.
153 East 53rd Street
23rd Floor
New York, NY 10022

Client:   Citibank N.A. (016418.24)
Matter:   Triplett, Charles S. (00156643)
          Citi# 201317199

FOR PROFESSIONAL SERVICES RENDERED through August 31, 2013

## INVOICE SUMMARY

|  | FEES | DISBURSEMENTS | TOTAL |
|---|---|---|---|
| Total Current Charges | $2,645.50 | $400.00 | $3,045.50 |
| Less:   5.0% Discount | ($132.28) |  | ($132.28) |
| Total Current Charges | $2,513.22 | $400.00 | $2,913.22 |
| **TOTAL AMOUNT DUE** |  |  | **$2,913.22** |

## PROFESSIONAL SERVICES

| Name | Date | Description | Hours |
|------|------|-------------|-------|
| Tobin,D.J. | 08/11/13 | Email to Triplett re: current amount owed in unpaid and accrued interest and principal, update to P. Votey re: status of communications with borrower | 0.10 |
| Tobin,D.J. | 08/13/13 | Status email communications with client re: communications with borrower | 0.10 |
| Granger,A.L. | 08/14/13 | Read emails from D. Tobin re: filing complaint | 0.10 |
| Tobin,D.J. | 08/14/13 | Internal communications re: possible jurisdiction for filing collection action, emails with client re: matter status | 0.20 |
| Granger,A.L. | 08/16/13 | CW D. Tobin re: drafting complaint | 0.10 |
| Tobin,D.J. | 08/16/13 | Per instructions from client, send email to Triplett advising as to next steps, internal discussion re: complaint drafting | 0.20 |
| Tobin,D.J. | 08/20/13 | Prepare and send summary of matter status to client, request guidance on next steps | 0.10 |
| Tobin,D.J. | 08/20/13 | Telephone conference with Triplett re: get status | 0.20 |
| Granger,A.L. | 08/22/13 | Read email from D. Tobin re: filing complaint | 0.10 |
| Tobin,D.J. | 08/22/13 | Email communications with client re: status of matter and proposed tactics and strategy for filing complaint | 0.30 |
| Granger,A.L. | 08/23/13 | Prepare complaint | 1.80 |
| Granger,A.L. | 08/23/13 | MT with D. Tobin re: drafting complaint | 0.20 |
| Tobin,D.J. | 08/23/13 | Internal conferences A. Granger re: tactics and strategy for filing complaint | 0.30 |
| Granger,A.L. | 08/27/13 | Read emails from D. Tobin re: preparing complaint | 0.20 |
| Tobin,D.J. | 08/27/13 | Attention to editing complaint | 1.10 |
| Tobin,D.J. | 08/27/13 | Finalize initial version of complaint, circulate to client for review | 0.30 |
| Tobin,D.J. | 08/27/13 | Email communications thereafter re: next steps | 0.20 |
| Granger,A.L. | 08/28/13 | TCW D. Tobin re: filing complaint | 0.10 |

## PROFESSIONAL SERVICES

| Name | Date | Description | Hours | |
|------|------|-------------|-------|---|
| Granger,A.L. | 08/28/13 | Read emails from D. Tobin re: preparing complaint | 0.10 | |
| Tobin,D.J. | 08/28/13 | Communications with client re: draft complaint, internal discussions re: finalizing same | 0.40 | |
| Tobin,D.J. | 08/28/13 | Communications with client re: domicile allegations for Citibank. N.A. | 0.20 | |
| Granger,A.L. | 08/29/13 | Prepare complaint | 0.70 | |
| Granger,A.L. | 08/30/13 | Email D. Tobin re: filing of complaint | 0.10 | |
| Granger,A.L. | 08/30/13 | File complaint | 0.20 | |
| | | **Total Fees** | 7.40 | $2,645.50 |

Less:   5.0% Discount                                                                                      ($132.28)

## PROFESSIONAL SERVICES SUMMARY

| Name | Rate | Hours | Amount |
|------|------|-------|--------|
| Tobin,D.J. | 500.00 | 3.70 | 1,850.00 |
| Granger,A.L. | 215.00 | 3.70 | 795.50 |
| **Total Fees** | | 7.40 | $2,645.50 |

## DISBURSEMENT SUMMARY

| Description | Amount |
|-------------|--------|
| Filing Fees | 400.00 |
| **Total Disbursements** | $400.00 |

| | |
|---|---|
| **Total Current Charges:** | $2,913.22 |

016418.24 - 00156643
Daniel J. Tobin

3

2013093924
September 24, 2013

# Ballard Spahr
### LLP

1909 K Street, NW
12th Floor
Washington, DC 20006-1157
Tel 202.661.2200
Fax 202.661.2299
www.ballardspahr.com

TAX IDENTIFICATION NO. 23-0382195

## REMITTANCE ADVICE

Client:        016418.24          Citibank N.A.
Matter:        00156643           Triplett, Charles S.
Invoice No.:   2013093924
Date:          September 24, 2013

| | |
|---|---|
| Fee Amount | $2,645.50 |
| Less:  5.0% Discount | ($132.28) |
| Total Fees | $2,513.22 |
| Disbursement Amount | $400.00 |
| Total Current Charges | $2,913.22 |
| **TOTAL AMOUNT DUE** | **$2,913.22** |

Please return this page with your remittance to the above address.
Payment may also be made by wire transfer to our account.

Bank:          PNC Bank, NA
ABA No.:       031 0000 53
Account No.:   85-3131-7345

Please indicate on wire transfer the invoice number stated above.

# Ballard Spahr
### LLP

1909 K Street, NW
12th Floor
Washington, DC 20006-1157
Tel 202.661.2200
Fax 202.661.2299
www.ballardspahr.com

TAX IDENTIFICATION NO. 23-0382195

Invoice Date: October 12, 2013
Invoice No.: 2013102897

Citigroup, Inc.
153 East 53rd Street
23rd Floor
New York, NY  10022

Client:   Citibank N.A. (016418.24)
Matter:  Triplett, Charles S. (00156643)
          Citi# 201317199

FOR PROFESSIONAL SERVICES RENDERED through September 30, 2013

## INVOICE SUMMARY

|  | FEES | DISBURSEMENTS | TOTAL |
|---|---|---|---|
| Total Current Charges | $325.00 | $1.05 | $326.05 |
| Less:   5.0% Discount | ($16.25) |  | ($16.25) |
| Total Current Charges | $308.75 | $1.05 | $309.80 |
| **TOTAL AMOUNT DUE** |  |  | **$309.80** |

## PROFESSIONAL SERVICES

| Name | Date | Description | Hours | |
|------|------|-------------|-------|---|
| Granger,A.L. | 09/03/13 | TCW D. Tobin re: serving complaint | 0.10 | |
| Granger,A.L. | 09/03/13 | Email with D. Tobin re: serving complaint | 0.10 | |
| Tobin,D.J. | 09/10/13 | Attention to service issues, including email communications re: status with borrower and with client | 0.30 | |
| Panagopoulos,C. | 09/12/13 | Review email from court re status. | 0.10 | |
| Tobin,D.J. | 09/17/13 | Internal discussions re: status of service | 0.10 | |
| Panagopoulos,C. | 09/20/13 | Review emails from Ms. Granger re status. | 0.10 | |
| | | **Total Fees** | 0.80 | $325.00 |

Less:   5.0% Discount                                                                ($16.25)

## PROFESSIONAL SERVICES SUMMARY

| Name | Rate | Hours | Amount |
|------|------|-------|--------|
| Panagopoulos,C. | 410.00 | 0.20 | 82.00 |
| Tobin,D.J. | 500.00 | 0.40 | 200.00 |
| Granger,A.L. | 215.00 | 0.20 | 43.00 |
| **Total Fees** | | 0.80 | $325.00 |

## DISBURSEMENT SUMMARY

| Description | Amount |
|-------------|--------|
| Duplicating | 1.05 |
| **Total Disbursements** | $1.05 |

**Total Current Charges:**                                                     $309.80

016418.24 - 00156643
Daniel J. Tobin

2

2013102897
October 12, 2013

# Ballard Spahr
### LLP

1909 K Street, NW
12th Floor
Washington, DC 20006-1157
Tel 202.661.2200
Fax 202.661.2299
www.ballardspahr.com

TAX IDENTIFICATION NO. 23-0082195

### REMITTANCE ADVICE

Client:          016418.24          Citibank N.A.
Matter:          00156643           Triplett, Charles S.
Invoice No.:     2013102897
Date:            October 12, 2013

| | |
|---|---|
| Fee Amount | $325.00 |
| Less:   5.0% Discount | ($16.25) |
| Total Fees | $308.75 |
| Disbursement Amount | $1.05 |
| Total Current Charges | $309.80 |
| **TOTAL AMOUNT DUE** | $309.80 |

Please return this page with your remittance to the above address.
Payment may also be made by wire transfer to our account.

Bank:          PNC Bank, NA
ABA No.:        031 0000 53
Account No.:    85-3131-7345

Please indicate on wire transfer the invoice number stated above.

# Ballard Spahr
LLP

1909 K Street, NW
12th Floor
Washington, DC 20006-1157
Tel 202.661.2200
Fax 202.661.2299
www.ballardspahr.com

TAX IDENTIFICATION NO. 23-0382195

Invoice Date: November 11, 2013
Invoice No.: 2013113120

Citigroup, Inc.
153 East 53rd Street
23rd Floor
New York, NY  10022

Client:   Citibank N.A.  (016418.24)
Matter:   Triplett, Charles S.  (00156643)
          Citi# 201317199

FOR PROFESSIONAL SERVICES RENDERED through October 31, 2013

## INVOICE SUMMARY

|  | FEES | DISBURSEMENTS | TOTAL |
|---|---|---|---|
| Total Current Charges | $405.00 | $125.00 | $530.00 |
| Less:   5.0% Discount | ($20.25) |  | ($20.25) |
| Total Current Charges | $384.75 | $125.00 | $509.75 |
| **TOTAL AMOUNT DUE** |  |  | $509.75 |

## PROFESSIONAL SERVICES

| Name | Date | Description | Hours | |
|------|------|-------------|-------|---|
| Panagopoulos,C. | 10/11/13 | Review docket and outline motion for default. | 0.10 | |
| Tobin,D.J. | 10/15/13 | Internal communications after inquiry from client re: possible default | 0.10 | |
| Tobin,D.J. | 10/27/13 | Internal emails re: default status | 0.10 | |
| Panagopoulos,C. | 10/29/13 | Review entry of default. | 0.10 | |
| Panagopoulos,C. | 10/31/13 | Review entry of default. | 0.10 | |
| Panagopoulos,C. | 10/31/13 | Emails re status and right of set off. | 0.20 | |
| Tobin,D.J. | 10/31/13 | Forward entered default to client, follow-up communications thereon | 0.20 | |
| | | **Total Fees** | **0.90** | **$405.00** |

Less:   5.0% Discount                                                                                      ($20.25)

## PROFESSIONAL SERVICES SUMMARY

| Name | Rate | Hours | Amount |
|------|------|-------|--------|
| Panagopoulos,C. | 410.00 | 0.50 | 205.00 |
| Tobin,D.J. | 500.00 | 0.40 | 200.00 |
| **Total Fees** | | **0.90** | **$405.00** |

## DISBURSEMENT SUMMARY

| Description | Amount |
|-------------|--------|
| Service of Subpoena | 125.00 |
| **Total Disbursements** | **$125.00** |

**Total Current Charges:**                                                                      **$509.75**

# Ballard Spahr
LLP

1909 K Street, NW
12th Floor
Washington, DC 20006-1157
Tel 202.661.2200
Fax 202.661.2299
www.ballardspahr.com

TAX IDENTIFICATION NO. 23-0382193

## REMITTANCE ADVICE

| | | |
|---|---|---|
| Client: | 016418.24 | Citibank N.A. |
| Matter: | 00156643 | Triplett, Charles S. |
| Invoice No.: | 2013113120 | |
| Date: | November 11, 2013 | |

| | |
|---|---|
| Fee Amount | $405.00 |
| Less:   5.0% Discount | ($20.25) |
| Total Fees | $384.75 |
| Disbursement Amount | $125.00 |
| Total Current Charges | $509.75 |
| **TOTAL AMOUNT DUE** | **$509.75** |

Please return this page with your remittance to the above address.
Payment may also be made by wire transfer to our account.

| | |
|---|---|
| **Bank:** | **PNC Bank, NA** |
| **ABA No.:** | **031 0000 53** |
| **Account No.:** | **85-3131-7345** |

Please indicate on wire transfer the invoice number stated above.

# Ballard Spahr
LLP

1909 K Street, NW
12th Floor
Washington, DC 20006-1157
Tel 202.661.2200
Fax 202.661.2299
www.ballardspahr.com

TAX IDENTIFICATION NO. 23-0582195

Invoice Date: December 7, 2013
Invoice No.: 2013122112

Citigroup, Inc.
153 East 53rd Street
23rd Floor
New York, NY 10022

Client:   Citibank N.A.  (016418.24)
Matter:  Triplett, Charles S.  (00156643)
        Citi# 201317199

FOR PROFESSIONAL SERVICES RENDERED through November 30, 2013

## INVOICE SUMMARY

|  | FEES | DISBURSEMENTS | TOTAL |
|---|---|---|---|
| Total Current Charges | $4,186.50 | $27.72 | $4,214.22 |
| Less:   5.0% Discount | ($209.33) | | ($209.33) |
| Total Current Charges | $3,977.17 | $27.72 | $4,004.89 |
| **TOTAL AMOUNT DUE** | | | **$4,004.89** |

**PROFESSIONAL SERVICES**

| Name | Date | Description | Hours |
|------|------|-------------|-------|
| Panagopoulos,C. | 11/01/13 | Emails from Mr. Tobin re setoff issues. | 0.20 |
| Tobin,D.J. | 11/01/13 | Receive inquiry from P. Votey re: possible setoff, review note and draft email responding to same | 0.30 |
| Panagopoulos,C. | 11/07/13 | Review information for default judgment. | 0.20 |
| Tobin,D.J. | 11/07/13 | Email communications M. Summers and D. Panagopoulos re: next steps in litigation and possible bankruptcy issues | 0.20 |
| Tobin,D.J. | 11/07/13 | Participate in conference call with client to discuss tactics and strategy for collection and litigation | 0.50 |
| Summers,M.G. | 11/08/13 | Email D. Tobin re bankruptcy issues | 0.10 |
| Tobin,D.J. | 11/08/13 | Internal discussions re: tactics and strategy for response to potential bankruptcy by defendant | 0.20 |
| Tobin,D.J. | 11/11/13 | Forward email to client re: possible bankruptcy issues involving Triplett | 0.30 |
| Flo,T.R. | 11/12/13 | Communicate with Ballard Spahr team regarding strategy issues. | 0.30 |
| Tobin,D.J. | 11/14/13 | Telephone conference with G. Catallo and P. Votey and others at Citibank re: set off plans re: Triplett accounts | 0.50 |
| Brown,E.C. | 11/15/13 | Research property address and date of Deed. | 0.40 |
| Tobin,D.J. | 11/15/13 | Internal communications re: research on Triplett residence | 0.30 |
| Tobin,D.J. | 11/15/13 | Multiple telephone and email communications with Triplett re: set off and related issues | 0.30 |
| Tobin,D.J. | 11/15/13 | Multiple telephone and email communications with the client re: status of set off efforts | 0.50 |
| Flo,T.R. | 11/19/13 | Communicate with D. Tobin and D. Panagopoulos regarding filing of default papers. | 0.20 |
| Tobin,D.J. | 11/19/13 | Telephone conference with Triplett re: terms of settlement | 0.10 |

## PROFESSIONAL SERVICES

| Name | Date | Description | Hours |
|------|------|-------------|-------|
| Tobin,D.J. | 11/19/13 | Email communications with client re: conference with Triplett | 0.20 |
| Tobin,D.J. | 11/19/13 | Telephone conference G. Catallo re: matter status | 0.20 |
| Flo,T.R. | 11/20/13 | Communicate with D. Tobin and D. Panagopoulos regarding default judgment. | 0.10 |
| Panagopoulos,C. | 11/20/13 | Email from Mr. Tobin re status. | 0.10 |
| Tobin,D.J. | 11/20/13 | Receive approval from client for default judgment submission, internal communications thereon | 0.10 |
| Flo,T.R. | 11/25/13 | Communicate with D. Panagopoulos regarding motion for default judgment | 0.30 |
| Flo,T.R. | 11/25/13 | Draft motion for default judgment | 3.90 |
| Flo,T.R. | 11/25/13 | Review and analyze pleadings and key documents relating to motion for default judgment. | 2.30 |
| Flo,T.R. | 11/26/13 | Revise and edit motion for default judgment | 0.40 |
| Flo,T.R. | 11/26/13 | Communicate with D. Panagopoulos regarding strategy issues | 0.10 |
| Panagopoulos,C. | 11/26/13 | Review/revise motion for default judgment. | 0.10 |
| Tobin,D.J. | 11/26/13 | Telephone conference G. Catallo and D. Linthicum re: matter status and next steps | 0.20 |
| Tobin,D.J. | 11/27/13 | Internal discussions re: status of motion for default judgment | 0.10 |
| Tobin,D.J. | 11/27/13 | Forward email communication from Triplett to client | 0.10 |

|  | Total Fees | 12.80 | $4,186.50 |
|---|---|---|---|

Less:   5.0% Discount                                                                                       ($209.33)

## PROFESSIONAL SERVICES SUMMARY

| Name | Rate | Hours | Amount |
|------|------|-------|--------|
| Panagopoulos,C. | 410.00 | 0.60 | 246.00 |
| Tobin,D.J. | 500.00 | 4.10 | 2,050.00 |

| Name | Rate | Hours | Amount |
|------|------|-------|--------|
| Summers,M.G. | 365.00 | 0.10 | 36.50 |
| Flo,T.R. | 235.00 | 7.60 | 1,786.00 |
| Brown,E.C. | 170.00 | 0.40 | 68.00 |
| Total Fees | | 12.80 | $4,186.50 |


## DISBURSEMENT SUMMARY

| Description | Amount |
|-------------|--------|
| Duplicating | 27.72 |
| Total Disbursements | $27.72 |

| | |
|--|--|
| Total Current Charges: | $4,004.89 |

# Ballard Spahr
LLP

1909 K Street, NW
12th Floor
Washington, DC 20006-1157
Tel 202.661.2200
Fax 202.661.2299
www.ballardspahr.com

TAX IDENTIFICATION NO. 23 0382195

## REMITTANCE ADVICE

Client:        016418.24          Citibank N.A.
Matter:        00156643           Triplett, Charles S.
Invoice No.:   2013122112
Date:          December 7, 2013

| | |
|---|---|
| Fee Amount | $4,186.50 |
| Less:   5.0% Discount | ($209.33) |
| Total Fees | $3,977.17 |
| Disbursement Amount | $27.72 |
| Total Current Charges | $4,004.89 |
| **TOTAL AMOUNT DUE** | **$4,004.89** |

Please return this page with your remittance to the above address.
Payment may also be made by wire transfer to our account.

Bank:         PNC Bank, NA
ABA No.:      031 0000 53
Account No.:  85-3131-7345

Please indicate on wire transfer the invoice number stated above.