IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CITIBANK, N.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:13cv1087 (AJT/JFA) |
| ) | |
| CHARLES S. TRIPLETT, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiff's motion for entry of default judgment. (Docket nos. 7, 9). Plaintiff Citibank, N.A. ("Citibank" or "plaintiff") seeks a default judgment against defendant Charles S. Triplett ("defendant") in the sum of $341,423.63, including unpaid principal in the amount of $318,547.20 and $22,876.43 in accrued and unpaid interest, plus *per diem* interest in the amount of $76.36 from January 1, 2014 until the date of payment, and attorney's fees and costs in the amount of $8,450.16. *Id.* Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.

### Procedural Background

On August 30, 2013, Citibank filed a complaint alleging that defendant has failed to pay his monthly principal and interest payments due under the provisions of a Term Note ("Note") and that he is in default. (Docket no. 1) ("Compl."). In the complaint, Citibank sought judgment against defendant in the sum of $369,889.71, plus pre- and post-judgment interest as allowed by

law, costs and disbursements in accordance with the Note, and attorney's fees as permitted by the Note. *Id.*

On August 30, 2013, a summons was issued for service on Charles S. Triplett. (Docket no. 2). On September 18, 2013, an affidavit of posting was filed indicating that defendant had been served with a copy of the summons and complaint at his current address in McLean, Virginia on September 12, 2013 by posting the summons, notice, and complaint with exhibits on defendant's front door and by mailing a copy of the documents to defendant at his current address by first class mail. (Docket no. 3). In accordance with Fed. R. Civ. P. 12(a), a responsive pleading from defendant was due by October 3, 2013; 21 days after service of the summons and complaint. No responsive pleading was filed by defendant within the 21 days permitted by Fed. R. Civ. P. 12(a).

On October 28, 2013, plaintiff filed a request for entry of default as to defendant Charles S. Triplett (Docket no. 4), along with a declaration of compliance with the Servicemembers Civil Relief Act (Docket no. 4-1) ("Military Aff.") and a declaration in support by plaintiff's counsel, Constantinos G. Panagopoulos (Docket no. 4-2). On October 29, 2013, the Clerk of the Court entered a default against defendant pursuant to Fed. R. Civ. P. 55(a). (Docket no. 5). On January 2, 2014, the District Judge entered an order directing plaintiff to file a motion for default judgment and accompanying memorandum. (Docket no. 6). On January 6, 2014, plaintiff filed a motion for entry of default judgment (Docket no. 7) with declarations in support from Constantinos G. Panagopoulos (Docket no. 7-1) ("Panagopoulos Decl.") and George Catallo (Docket no. 7-2) ("Catallo Decl."), a proposed order (Docket no. 7-3), and a notice of hearing for Friday, January 24, 2014 (Docket no. 8). On January 16, 2014, plaintiff filed a supplement to the motion for entry of default judgment (Docket no. 9) and re-noticed the hearing for Friday,

January 31, 2014 (Docket no. 10). On January 31, 2014, counsel for plaintiff appeared at the hearing and no one appeared on behalf of defendant Charles S. Triplett.

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Based on the failure of defendant to file a responsive pleading in a timely manner, the Clerk of the Court has entered a default as to defendant. (Docket no. 5).

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

## Jurisdiction and Venue

A court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment. Plaintiff states that this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. (Compl. ¶ 3). Under 28 U.S.C. § 1348, a national bank is a citizen of the state in which its main office, as set forth in its articles of association, is located. Plaintiff Citibank is a federally chartered national bank with its main office in South Dakota. (Compl. ¶ 1). Defendant, an individual, is a citizen

3

of Virginia who currently resides at 1350 Beverly Road, Apt. 424, McLean, Virginia 22101. (Compl. ¶ 2). In addition, the complaint seeks a judgment of an amount in excess of $369,889.71. (Compl. ¶ 21). Because there is complete diversity of citizenship between a citizen of Virginia and a citizen of a South Dakota and the amount in controversy exceeds $75,000, it appears that this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).

This court also appears to have personal jurisdiction over the defendant. As noted in the complaint, defendant is a Virginia resident. (Compl. ¶ 2). Venue is proper in this court because defendant resides within the Eastern District of Virginia. *See* 28 U.S.C. § 1391(b)(1).

For these reasons, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that this court has personal jurisdiction over defendant Charles S. Triplett, and that venue is proper in this court.

### Service

On August 30, 2013, a summons was issued for service on Charles S. Triplett. (Docket no. 2). Under Fed. R. Civ. P. 4(e)(1), an individual may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located. Under Virginia law, service upon a natural person must first be attempted by delivering a copy of process in writing to the party in person. *See* Va. Code § 8.01-296(1). If personal service is unsuccessful, only then may substituted service be attempted: if the party to be served is not found at his usual place of abode, service may be accomplished by delivering a copy of the process to a person found at the party's usual place of abode who is a member of his family, other than a temporary sojourner or guest, and who is of the age of 16 years or older. *See* Va. Code § 8.01-296(2)(a). If such

substituted service cannot be effected, then sevice may be accomplished by posting a copy of the process at the individual's front door, "provided that not less than 10 days before judgment by default may be entered, the party causing service or his attorney or agent mails to the party served a copy of such process and thereafter files in the office of the clerk of the court a certificate of such mailing." Va. Code. § 8.01-296(2)(b).

The summons as to defendant was returned executed indicating that defendant was served with service of process by posting on September 12, 2013. (Docket no. 3). The accompanying affidavit of posting indicates that the server attempted to serve defendant personally on September 7 and 9, 2013. *Id.* The affidavit states that on September 12, 2013, defendant was served with process by posting the summons, notice, and complaint with exhibits on defendant's front door at 1350 Beverly Road, Apt. 424, McLean, Virginia 22101 and by mailing a copy of such process to defendant's address that same day. *Id.*

Accordingly, the undersigned magistrate judge recommends a finding that defendant was served properly with the summons and complaint under Va. Code § 8.01-296(2)(b).

### Grounds for Entry of Default

Pursuant to Fed. R. Civ. P. 12(a), a responsive pleading was due from defendant on October 3, 2013. No responsive pleading has been filed and the time for doing so has now expired. On October 28, 2013, plaintiff filed a request for entry of default as to defendant along with a supporting declaration. (Docket no. 4). The supporting Military declaration indicates that defendant is not in the military service. (Docket no. 4-1). On October 29, 2013, the Clerk of the Court entered default against defendant pursuant to Fed. R. Civ. P. 55(a). (Docket no. 5). On January 2, 2014, the District Judge entered an Order instructing plaintiff to file a motion for entry of default judgment. (Docket no. 6). Accordingly, on January 6, 2014, plaintiff filed a motion

for entry of default judgment (Docket no. 7) along with the Panagopoulos and Catallo declarations, a proposed order, and a notice of hearing for January 24, 2014. (Docket nos. 7, 8). The motion for entry of default judgment, declarations in support, proposed order, notice of hearing were served on defendant by first-class mail, postage prepaid, on January 6, 2014. (Docket nos. 7, 8). On January 16, 2014, plaintiff filed a supplement to the motion for entry of default judgment (Docket no. 9) and an amended notice of hearing setting a hearing on the motion for entry of default judgment for January 31, 2014 (Docket no. 10). The supplement to the motion and the amended notice of hearing were served on defendant by first-class mail, postage prepaid, on January 16, 2014. (Docket nos. 9, 10).

For these reasons, the undersigned magistrate judge recommends a finding that defendant Charles S. Triplett was served properly, that he failed to file a responsive pleading in a timely manner, and that the Clerk of the Court properly entered a default as to defendant.

### Liability

According to Fed. R. Civ. P. 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because defendant failed to file a responsive pleading and is in default, he admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6).

The following facts are established by the complaint (Docket no. 1), the motion for entry of default judgment and the supplement thereto (Docket nos. 7, 9), and the declarations submitted in support of plaintiff's motion for entry of default judgment (Docket nos. 7-1, 7-2).

Plaintiff is a federally chartered national bank with its main office in South Dakota. (Compl. ¶ 1). Defendant is an individual residing in McLean, Virginia. (Compl. ¶ 2). On May 21, 2010, plaintiff extended a term loan to defendant in exchange for which defendant executed a

Note payable to plaintiff. (Compl. ¶ 6). A copy of the Note is attached to the complaint as Exhibit A, which states that the original principal amount of the Note is $550,000.00. (Docket no. 1-1, Ex. A). The Note required defendant to make monthly payments for 59 consecutive months in the amount of $6,550.00 each and a last payment of $163,550.00 on the final maturity date of June 1, 2015. (Compl. ¶ 7). The Note provides that defendant will be in default if he fails to pay any amounts when due, and that in such event, plaintiff may, upon notice to defendant, accelerate the Note thus rendering all sums due and immediately payable. (Compl. ¶¶ 8, 9). Plaintiff states that on March 1, 2013, defendant failed to make his monthly principal and interest payment as required by the Note, and has made no payments since then. (Compl. ¶ 10). On June 20, 2013, plaintiff wrote to defendant to notify defendant of the default and to inform defendant that plaintiff was accelerating all amounts due under the Note, demanding immediate payment in full of all outstanding principal and interest. (Compl. ¶ 12, Ex. B, Panagopoulos Decl. ¶ 3, Ex. B). In the complaint filed on August 30, 2013, plaintiff stated that as a result of defendant's default under the Note, plaintiff has incurred monetary losses in excess of $369,889.71. (Compl. ¶ 21).

Given that the factual allegations alleged in the complaint are deemed admitted, the undersigned recommends a finding that plaintiff has established a claim for breach of the Note by defendant Charles S. Triplett.

### Measure of Damages

Plaintiff's complaint sought judgment in the amount of $369,889.71, plus pre- and post-judgment interest, costs, and attorney's fees against defendant. (Compl. ¶ 21).[1] Plaintiff's motion for default judgment, supported by the declarations of Messrs. Panagopoulos and Catallo,

---

[1] The complaint asserts that as of August 30, 2013, defendant owed Citibank $360,050.00 in principal and $9,839.71 in accrued and unpaid interest. (Compl. ¶ 13).

7

seeks a judgment against defendant in the lesser amount of $341,423.63 for money owed under the Note, plus *per diem* interest in the amount of $76.36 from January 1, 2014 to the date that the amounts due under the Note are paid, and reasonable attorney's fees totaling $8,450.16. (Docket no. 7 at 4–5).

### Amount Due under the Note

As set forth in the complaint, the Note states a total loan amount of $550,000.00, payable in 59 consecutive monthly payments of $6,550.00 each and a last payment of $163,550.00 on the Note's final maturity date of June 1, 2015. (Compl. ¶ 7). The Note provides that defendant "will be in default under this Note if . . . [he] fail[s] to pay any amounts due under this Note . . . when due . . . ." (Docket no. 1-1, Ex. A). As set forth in the complaint and in Mr. Catallo's declaration, on March 1, 2013, defendant failed to pay the monthly principal and interest as required under the Note, and has failed to make his scheduled payments since then. (Compl. ¶ 10; Catallo Decl. ¶ 8). As shown in Mr. Catallo's declaration, the sum due under the Note includes: principal in the amount of $318,547.20, unpaid interest in the amount of $22,876.43 as of December 31, 2013, and *per diem* interest accruing at a rate of $76.36 from January 1, 2014 until paid. (Catallo Decl. ¶¶ 9, 10). Based on the uncontested allegations in the complaint and in Mr. Catallo's declaration, the undersigned recommends a finding that plaintiff is entitled to recover from defendant a sum of $341,423.63 under the Note with interest accruing at a *per diem* rate of $76.36 from January 1, 2014 until paid.

### Attorney's Fees

In addition to the balance due under the Note, plaintiff requests an award of $8,450.16 in costs and expenses incurred in enforcing the terms of the Note, including reasonable attorney's fees. Pursuant to Section 20 of the Note, plaintiff is entitled to recover from defendant "all costs

8

and expenses, if any, in connection with the collection or enforcement of the [o]bligations" under the Note, including reasonable attorney's fees, disbursements, and court costs. (Docket no. 1-1, Ex. A). In support of this request, plaintiff submitted Mr. Catallo's declaration and detailed billing reports for professional services provided by Ballard Spahr LLP from July 2013 through November 2013. (Catallo Decl. Ex. C).

According to the declaration submitted by Mr. Catallo, plaintiff found it necessary to engage attorneys to collect the amounts due under the Note. (Catallo Decl. ¶ 11). The attached detailed billing reports indicate that as of November 30, 2013, plaintiff has incurred $8,450.16 in attorney's fees to collect the amounts due under the Note. (Docket no. 7 at 4, Catallo Decl. ¶ 11, Ex. C). Such fees include, *inter alia*, communications with plaintiff and defendant, drafting and filing the complaint, serving the complaint, and drafting and filing the motion for entry of default judgment. (Catallo Decl. Ex. C). The attached billing reports indicate that this amount is comprised of 23.4 hours of billable time (at hourly rates ranging from $500 to $170) and $553.77 in costs ($400 filing fee + $28.77 duplicating + $125 service of process). (Catallo Decl. Ex. C). The declaration of Mr. Catallo does not state the title, position, or level of experience of the individuals whose time has been billed on this matter; however, Mr. Panagopoulos ("Panagopoulos, C." on the detailed billing report), Mr. Tobin ("Tobin, D.J." on the detailed billing report), Mr. Summers ("Summers, M.G." on the detailed billing report), and Mr. Flo ("Flo, T.R." on the detailed billing report) are listed as attorneys on the website of Ballard Spahr LLP. The individuals listed as "Granger, A.L." and "Brown, E.C." do not currently appear on the Ballard Spahr LLP website. From the billing reports attached to Mr. Catallo's declaration, it appears that Mr. Panagopoulos billed 1.3 hours at an hourly rate of $410, that Daniel J. Tobin billed 10.1 hours at an hourly rate of $500, that Matthew G. Summers billed 0.1 hours at an

hourly rate of $365, that Theodore R. Flo billed 7.6 hours at an hourly rate of $235, that Granger, A.L. billed 3.9 hours at an hourly rate of $215, and that Brown, E.C. billed 0.4 hours at an hourly rate of $170 for a sum of $8,312, less a 5% discount, resulting in a total bill of $7,896.40 for professional services.[2] (Catallo Decl. Ex. C).

The undersigned magistrate judge has reviewed the declaration of Mr. Catallo as well as the detailed billing reports attached to that declaration and recommends a finding that the hourly rates charged are reasonable and that the total number of hours recorded for the tasks set forth in the billing records is appropriate. Accordingly, the undersigned recommends that the $8,450.16 amount requested for attorney's fees and costs by plaintiff is reasonable and should be paid by defendant.

## Conclusion

For these reasons, the undersigned magistrate judge recommends that a default judgment be entered in favor of plaintiff Citibank, N.A. against defendant Charles S. Triplett in the amount of $349,873.79 (including $341,423.63 in unpaid principal and interest due under the Note and $8,450.16 in attorney's fees and costs) plus interest accruing at a *per diem* rate of $76.36 from January 1, 2014 until paid.

## Notice

By means of the court's electronic filing system, and by mailing a copy of this proposed findings of fact and recommendations to the defendant, Charles S. Triplett, at 1350 Beverly Road, Apt. 424, McLean, Virginia 22101, the parties are notified that failure to file written

---

[2] The Catallo declaration does not comply fully with the standards set forth in *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-23 (4th Cir. 2008), *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 (4th Cir. 1978), and *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) for establishing a reasonable fee award. However, because the defendant has not contested the requested amount of fees in this case, the court will accept the allegations set forth by the plaintiff concerning the reasonableness of these fees as true. The amount of the fees and costs requested are consistent with fees and costs incurred and awarded by this court in similar cases.

objections to these proposed findings of fact and recommendations within fourteen (14) days after being served with a copy of these proposed findings of fact and recommendations may result in the waiver of any right to *de novo* review of these proposed findings of fact and recommendations and such failure shall bar them from attacking on appeal any findings or conclusions accepted and adopted by the District Judge except upon grounds of plain error.

ENTERED this 31st day of January, 2014.

/s/ *JFA*
John F. Anderson
United States Magistrate Judge

John F. Anderson
United States Magistrate Judge

Alexandria, Virginia